**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**MISC. NO. 1:05MC15**

| | |
|---|---|
| **UNITED STATES,** <br> **Petitioner,** <br> **Vs.** <br> **MARVIN L. ELLIOTT,** <br> **Respondent.** | **<u>MEMORANDUM AND ORDER</u>** |

**THIS MATTER** is before the Court on the United States' petition to enforce an Internal Revenue Service ("IRS") administrative summons against the Respondent seeking the production of specific business records from the Respondent's dental practice.

## I. FACTUAL AND PROCEDURAL HISTORY

The IRS issued an administrative summons to Dr. Marvin L. Elliot in furtherance of its investigation into whether Dr. Elliot excluded gross receipts from the operation of his dental practice on his federal income tax returns for the years 1999 through 2002. The summons sought the Respondent's daily sheets which were used to record all business receipts for his dental practice. The United States claims that the existence, authenticity, and possession by the Respondent of these daily sheets has been confirmed by other sources familiar with the Respondent's dental practice. The Respondent refused to comply with the IRS summons and the United States petitioned this Court on April 21, 2005, for its enforcement.

On May 6, 2005, this Court determined that the United States had made out a *prima facie* case to enforce the IRS summons and ordered the Respondent to appear on June 1, 2005, to show cause why he should not be compelled to comply with the summons. The Court continued the show cause hearing at the Respondent's request until July 6, 2005. Prior to the July 6 hearing, the Respondent filed a response to the United States' motion to enforce the summons, asserting that both the contents of the documents requested by the summons and the act of producing the documents was privileged under the Respondent's Fifth Amendment rights. At the July 6 show cause hearing, the Court received arguments from the parties and reviewed the documents requested by the IRS summons which Respondent provided *in camera* for the Court. The Court now grants the United States' petition and orders the Respondent to produce the documents requested in the IRS summons.

## II. DISCUSSION[1]

The Respondent asserts that both the contents of the documents and the act of producing the documents implicate his Fifth Amendment rights.

The Fifth Amendment guarantees that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." **U.S. Const., amend. V.** This clause has been interpreted to protect individuals from *compelled* self-incrimination. The Supreme Court has addressed to

---

[1]At the hearing, the parties argued the application of the Fourth Circuit's decision in *United States v. (Under Seal)* to the case at bar. ***United States v. (Under Seal)*, 745 F.2d 834 (4th Cir. 1984), *vac'd and dismissed as moot*, *United States v. John Doe No. 462*, 471 U.S. 1001 (1985).** However, this Court will not rely extensively on that case in reaching its decision because, as the parties observed, the judgment was vacated by the Supreme Court. ***See United States v. Latney,* 108 F.3d 1446, 1449 (D.C. Cir. 1997) ("The Supreme Court vacated the judgment . . . thereby depriving the opinion of any precedential effect.")**

what extent the production of business records of a sole proprietorship implicates an individual's Fifth Amendment Rights. ***United States v. Doe*, 465 U.S. 605 (1984).** As to the *contents* of a sole proprietor's business records, the Court found that "compelled self-incrimination" is absent where the individual produces business records which were prepared voluntarily. ***Id.*, at 610-11; *see also, United States v. Neely*, 76 F.3d 376 (table), 1996 WL 60329, *7 (4th Cir. 1996).** Stated differently, the contents of a sole proprietor's business records would be privileged where the preparation of those records was involuntary or compelled.[2]

The *Doe* Court also held that while the *contents* of such business records held by a sole proprietor may not be privileged, the *act of producing* them may still violate his Fifth Amendment rights. ***Doe, supra*, at 612.** As the Court observed, the act of producing documents may "tacitly concede[] the existence of the papers demanded and their possession or control by the [individual producing them]." ***Id.*, at 612-13 (quoting *Fisher v. United States*, 425 U.S. 391, 410 (1976)).** Therefore, upon a factual finding that the act of producing business records involves such testimonial self-incrimination, the production may not be compelled absent a grant of use immunity. ***Id.*, at 613-14.**

However, an exception has been recognized which acknowledges that an individual's Fifth Amendment rights are not implicated by the act of producing business records where "the existence, possession, and authenticity of the documents are a 'foregone conclusion.'" ***United States v. Rue*, 819 F.2d 1488, 1492 (1987) (quoting *Fisher, supra*, at 411); *see also Doe*, *supra*,**

---

[2]In *Doe*, the Supreme Court found that the contents of the respondent's records sought by the government were not privileged because the respondent did not contend that he "prepared the documents involuntarily or that the subpoena would force him to restate, repeat, or affirm the truth of their contents." ***Doe, supra*, at 611-12 (footnote omitted).**

**at 614 n.13.** Under this exception the Supreme Court has recognized that the individual's act of producing the documents "adds little or nothing to the sum total of the Government's information" and his rights under the Fifth Amendment are not violated "because nothing he has said or done is deemed to be sufficiently testimonial for purposes of the privilege." ***Fisher, supra*****, at 411.**

**A. Contents of the Records**

In the case at bar the Respondent argues that the contents of the business records sought by the IRS are privileged because their preparation was compelled by IRS statutes and regulations. Regulation Sec. 1.6001-1 states that

> (a) In general . . . any person required to file a return of information with respect to income, shall keep such permanent books of account or records . . . as are sufficient to establish the amount of gross income.

**Sec. 1.6001-1.**

While the IRS regulation requires that the Respondent maintain records of his gross receipts, the Court does not believe that this regulation constitutes "compelled self-incrimination" as it has been defined in the context of *Doe* and the Fifth Amendment. Instead the Court concludes that the preparation and maintenance of the daily sheets of gross receipts by the Respondent should be considered voluntary in the context of the Respondent's Fifth Amendment rights, despite the IRS regulations requiring that such records be kept. ***See In re Grand Jury Subpoena Duces Tecum*****, 70 F.3d 521, 522 (8th Cir. 1995).**

The Fourth Circuit recently examined the Supreme Court's holding in *Doe* that "the contents of voluntarily prepared business records are not privileged." ***See Security & Exchange***

***Comm'n v. Dunlap*, 253 F.3d 768, 775 (4th Cir. 2001) (citing *Doe, supra*, at 610-12).** The Fourth Circuit determined that there existed a dichotomy between the production of business records that existed and were used in the ordinary course of business and those whose creation was mandated by a subpoena, Court order, or some other means. ***Id.*** Where the latter would be considered compelled and may implicate the individual's Fifth Amendment rights, the former would not, regardless if such existing documents contained incriminating information. ***Id.*; *see also,* John W. Strong, *McCormick on Evidence*, § 125 ("Since the person's arguably testimonial act of putting incriminatory information in the papers occurred before and without any effect from the compulsion of a later subpoena for those papers, the testimonial and self-incriminating act of so disclosing that information was not compelled within the meaning of the privilege.")** Though this issue arose in *Dunlap* in a somewhat different context, involving an individual deemed to be a control person of a corporation, and without an assertion that such records were compelled to be created by other laws, this Court believes the Fourth Circuit's analysis of the *Doe* holding is relevant here.

In the case at bar, the Respondent has been summoned to produce documents used in the ordinary course of his dental practice. The Respondent's daily sheets reflect what payments he has received from individual patients, in what form that payment was received, and any outstanding balances remaining on each patient's account. While the documents do satisfy the requirements of IRS regulations, they are prepared for and assist in the daily operation of the

Respondent's practice. The Court believes that such records, despite the IRS regulations, should not be considered "compelled,"[3] as the term is used in the context of the Fifth Amendment.[4]

When faced with facts similar to the case at bar, the Eighth Circuit reached the same conclusion. ***See, Grand Jury Subpoena*, *supra*.** In that case, the Eighth Circuit upheld the district court's ruling that an individual subject to a subpoena was not "compelled" within the meaning of the Fifth Amendment to maintain books and records regarding his business income and expenses, despite his arguments that IRS regulations and statutes[5] required that such records be kept at the risk of criminal sanctions. ***Id.*** The Court reasoned that the records covered by the subpoena "were nothing more than general books and records that any business would normally

---

[3]Furthermore, in other contexts involving the assertion of an individual's Fifth Amendment rights, courts have continuously defined "compelled" narrowly. ***See, United States v. Washington*, 431 U.S. 181, 187 (1977) (holding a witness is not "compelled" to testify in violation of his Fifth Amendment rights unless "the free will of the witness [is] overborne"); *United States v. Butler*, 211 F.3d 826, 832-33 (4th Cir. 2000) (holding the defendant was not "compelled" to testify in violation of his Fifth Amendment rights when he risked incarceration for civil contempt if he refused to testify).** The Court believes these examples support its determination that the required maintenance of the documents or business records under the IRS regulation at issue here is not to be considered "compelled" under the Fifth Amendment.

[4]In contrast, documents or records that were required to be prepared pursuant to a court order, subpoena, or summons would be considered "compelled" under the Fifth Amendment. ***See, e.g.*, *Dunlap, supra*, at 775-76 (recognizing the distinction between existing business records and accounting records newly prepared at the direction of and in response to an injunction order).** Another example of compelled documents would be forms required to be filed with the IRS regarding wagering activities. ***See Marchetti v. United States*, 390 U.S. 39, 60-61 (1968) (finding petitioner could assert Fifth Amendment privilege as complete defense to violations of regulations requiring the completion and filing of forms regarding wagering activities).**

[5]The statutes and regulations put forth by the individual subject to the subpoena in *In re Subpoena Duces Tecum,* which he argued compelled him to maintain his business records, are the same regulations put forth by the Respondent in this case. ***See Grand Jury Subpoena, supra*, at 521 n.2.**

maintain . . . [and that the individual had] failed to demonstrate that . . . he would not have maintained [them] absent the threat of criminal sanctions [under the IRS statutes and regulations]." ***Id.*, at 522.** The Court also observed that such an interpretation of the individual's Fifth Amendment rights would render all such record keeping statutes and regulations "meaningless." ***Id.***

The Court agrees with the analysis of the Eighth Circuit, and finds the contents of the documents sought by the IRS summons in this case are not privileged under the Respondent's Fifth Amendment rights.

**B. Act of Production**

As discussed, while the contents of Dr. Elliot's daily sheets from his practice are not privileged, the act of producing the documents may be. ***See, United States v. Hubbell*, 530 U.S. 27, 36 (2000) ("[W]e have also made it clear that the act of producing documents in response to a subpoena may have a compelled testimonial aspect.").** However, the United States has argued that the existence, authenticity, and the Respondent's possession of the documents is a foregone conclusion, and thus, the Respondent's Fifth Amendment rights are not implicated. ***See, Rue, supra*, at 1492.** In support, the United States has stated to the Court that it has obtained testimony of the taxpayer's accountant indicating the daily sheets were used to prepare a summary of records submitted to the IRS, and testimony from the Respondent's former office manager who also indicated the Respondent kept these records. Furthermore, the United States has stated to the Court that the IRS has seen some of these records during the civil examination and received summaries of the records. In response, the Respondent argued the

United States has not met its burden in demonstrating that the existence, possession, and authenticity of the documents is a foregone conclusion, and therefore, use immunity should be granted to the Respondent to ensure that his rights under the Fifth Amendment are not violated by the act of producing the documents.

After considering the parties arguments at the July 6, 2005, show cause hearing, and for purposes of this Order, the Court accepts those statements made to the Court by the counsel for the United States, as an officer of the Court, as demonstrating that the government has independently proven the existence, the Respondent's possession and the authenticity of the documents specifically sought from the Respondent in the summons, and was able to do so on the date the summons was issued. ***See id.*, at 1493 ("The relevant date on which existence and possession of the documents must be shown is the date on which the IRS summons is served, for it is at that time that the rights and obligations of the parties become fixed.").** The Court believes that the evidence averred to by the counsel for the United States, and not explicitly disputed by the Respondent, demonstrates that it is a foregone conclusion that the documents exist, that the Respondent possesses them, and that they can be independently authenticated. Therefore, the Court finds that the Respondent's Fifth Amendment rights are not implicated by his act of producing the documents pursuant to the IRS summons and the Court will not order that use immunity be provided to the Respondent as a condition for his production of them.[6]

---

[6]Because the Court determines on other grounds that neither the contents of the documents nor the act of producing them is privileged, the Court need not address the United States' argument that the documents are not privileged under the "required records" doctrine, which states that documents maintained under a comprehensive regulatory scheme are not subject to individual's Fifth Amendment rights. ***But see, United States v. Porter*, 711 F.2d**

**III. ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to enforce the IRS summons is **GRANTED,** and the Respondent shall comply with the summons forthwith**.**

---

**1397, 1405 (7th Cir. 1983) (finding that "the taxpayer's substantive activities are not positively 'regulated' by the IRS" under Treasury Regulation 1.6001.1 to bring the records maintained under the regulation within the required records doctrine)**.

**Signed: July 14, 2005**

Lacy H. Thornburg
United States District Judge